**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-62372-CV-MIDDLEBROOKS/OTAZO-REYES**

DAVID BRYSON COX,

     Plaintiff,

v.

UNITED STATES,

     Defendant.

_____/

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

     This matter is before the Court on Plaintiff David Bryson Cox's ("Plaintiff") *pro se* civil action, which the Clerk of Court has opened pursuant to 42 U.S.C. § 1983 (the "Complaint") [D.E. 1], and *pro se* Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") [D.E. 6]. This cause has been referred to the undersigned by the Honorable Donald M. Middlebrooks, United States District Judge, for a Report and Recommendation on dispositive matters pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida [D.E. 17].

**BACKGROUND**

**A. Applicable Standard of Review**

     28 U.S.C. § 1915 authorizes a court to dismiss an in *forma pauperis* complaint "if the allegation of poverty is untrue or if satisfied that the action is frivolous or malicious." 28 U.S.C. §1915(e)(2). An action is frivolous if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). A court may dismiss claims under Section

1915(e)(2) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless.  Id. at 327.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).  However, the leniency show to *pro se* litigants does not permit a court to construct a litigant's legal arguments or otherwise rewrite deficient pleadings in order to sustain an action.  See Fils v. City of Aventura, 647 F.3d 1272, 1285 (11th Cir. 2011).  Although *pro se* pleadings are liberally construed, "they must still comply with procedural rules governing the form of pleadings." Hopkins v. St. Lucie County School Bd., 399 F. App'x 563, 565 (11th Cir. 2010) (citations omitted).

**B.  Complaint Allegations**

Construing Plaintiff's allegations liberally as afforded *pro se* litigants, Plaintiff's 186-page Complaint attempts to sue the United States pursuant to "Private Law 114-31 – Dec. 3, 2017. 'Justice for Bradly Christopher Stark, Shawn Michael Rideout, and Certain Named Beneficiaries Act,'" alleging that he is a sovereign national whose rights have been violated, although he makes no discernable factual allegations in support of this assertion.  See Complaint [D.E. 1 at 1.] Plaintiff claims to be bringing a "tort claim to compel the U.S. to honor contracts." Id. at 186. Plaintiff's purported legal authority is "[u]niversal moral/existential truths/principles, expressed in Judaic (Mosaic) Orthodox Hebew/Jewish commercial Code, corollary to Exodus (chiefly Exodus 20:14, 16)." Id. at 3.  As relief, Plaintiff requests that he be released from custody and that a trust account be set up for him and his family members in accordance with "several contract/claim agreements imbedded in this petition that have been reached by various means by him and the U.S. Government" for $100,000,000.00, among other sums.  Id.  at 6, 16.  Plaintiff attaches to his

Complaint numerous documents which he designates as liens, promissory notes, proof of claims, and Uniform Commercial Code filings, all of which appear to be fraudulent.  Id. at 32-185.

**C. Dismissal as Frivolous**

Plaintiff has failed to allege a legal cause of action under federal law.  The Complaint consists of incomprehensible and unsupported assertions not warranting federal review.  See United States v. True, 2003 WL 21254889, *1 (M.D. Fla. 2003) (affirming summary denial of defendant's motion to dismiss because it was written in incomprehensible gibberish) (citing Cain v. C.I.R., 737 F.2d 1417, 1418 (5th Cir. 1984) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish").  Given the foregoing, the Complaint should be dismissed as frivolous.

Furthermore, Plaintiff previously filed a similarly incomprehensible Complaint in this Court, Case No. 20-62317-CV-UNGARO, which was dismissed as frivolous three days prior to the filing of this Complaint, with a warning not to continue with frivolous filings.  See Cox v. Bailey, Case No. 20-62317-CV-UNGARO [D.E. 4 at 4] (November 17, 2020).  Like the previous one, this Complaint includes exhibits evidencing fraudulent financial filings, and constitutes an abusive lawsuit and UCC filing by a prisoner for the purpose of harassment of government officials such as Judge Dennis Bailey, State Attorney Michael J. Satz, and Clerk of Court Brenda D. Forman.  See United States v. Talley, 2007 WL 2208811 at *1 n. 1 (N.D. Fla. July 27, 2007) (prisoner attempted to file bonds, default notices, and creditor liens against government officials in an attempt to prevent or obstruct the administration of justice); United States v. Gordon, 2005 WL 2237640 (S.D. Ga. Aug. 25, 2005) (prisoners filed "facially absurd" liens and U.C.C. financing statements to harass those involved in their prosecutions, in the hopes of damaging their credit).

Thus, it is appropriate to caution Plaintiff, for a second time, that continued frivolous filings, fraudulently utilizing the Uniform Commercial Code or any other statute, will be disfavored and may lead to strong sanctions by the Court, including restricting the Plaintiff from future *pro se* filings.  See Procup v. Strickland, 792 F.2d 1069, 1071–73 (11th Cir. 1986). Preventing frivolous litigation does not violate an inmate's right to access the courts.  See, e.g., In re Chapman, 328 F.3d 903, 907 (7th Cir. 2003).

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's IFP Motion [D.E. 6] be **DENIED** and that the Complaint [D.E. 1] be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915, with a warning that **further filings of this frivolous nature will lead to the possibility of sanctions being imposed against Plaintiff**.

Pursuant to Local Magistrate Judge Rule 4(b), Plaintiff has **fourteen** days from the receipt of this Report and Recommendation to file written objections, if any, with the Honorable Donald M. Middlebrooks.  Failure to timely file objections shall bar Plaintiff from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

DONE AND ORDERED in Chambers, at Miami, Florida, this 10th day of February, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Donald M. Middlebrooks
Counsel of Record

Copies via U.S. mail to:

David Bryson Cox
665404
Hardee Correctional Institution
Inmate Mail
6901 State Road 62
Bowling Green, FL 33834